intention of the owner, who has no right in the certificate, the determining factor.

It is contended that some liquor and the fixtures were in the saloon when the owners went into possession. That fact does not constitute a continuance of the business. (*Matter of Lyman,* 34 App. Div. 389.)

The order should be affirmed, with costs and disbursements to the respondents.

WILLIAMS, J., concurred.

Order reversed, with costs.

---

Fourth Appellate Department, July, 1900. Reported. 53 App. Div. 649.

In the Matter of the Petition of HENRY H. LYMAN, as State Commissioner of Excise, Respondent, for an Order Revoking and Canceling Liquor Tax Certificate No. 11,384, Issued to ELM SOCIAL CLUB, Appellant.

This is an appeal from an order revoking and canceling liquor tax certificate for alleged violations of the Liquor Tax Law. The sole question raised by appellant upon the appeal was as to the authority of the State Commissioner of Excise in his official capacity as such, to maintain the proceeding to revoke.

*Joseph V. Seaver,* attorney for defendant-appellant: Public officers acting under a statutory authority must confine themselves strictly within the powers conferred by the act. (*Palmer v. Plank Road Co.,* 11 N. Y. 376, 385.) The office of State Commissioner of Excise is an office that did not exist at common law, nor is it a constitutional office. It is an office created by chap. 112 of the Laws of 1896. Nowhere in the Liquor Tax Law or in any other statute is the duty enjoined upon the State Commissioner to prosecute proceedings to revoke liquor tax certificates under subdivision 2 of section 28 of the law. The proceeding is essentially a citizen's remedy. (*Matter of Seymour,* 47 App. Div. 320.)

*Mead & Stranahan,* attorneys for respondent: The proceeding may be instituted by any citizen of the State. The commissioner was a citizen and had the right to maintain this proceeding. This court has twice affirmed the court below in like proceedings where the exact question raised here was involved but not discussed in opinion. (*In re Lyman* v. *Erie County Athletic Club,* 46 App. Div. 387; *In re Lyman* v. *Speidel,* 51 App. Div. 52.) The word "as" following name of plaintiff or petitioner and that followed by the title of the office is not conclusive as to way in which the action or proceeding is brought. (*Sheldon, Administrator, &c.* v. *Hoy,* 11 How. 11; *Bennett* v. *Whitney,* 94 N. Y. 302.)

Order affirmed with costs.

All concurred.

Supreme Court, New York Special Term. Reported. N. Y. L. J. August 23, 1900.

In the Matter of the Petition of JOHN Q. A. HENRY to Revoke the Liquor Tax Certificate of FRANK E. MORAN.

*Scott & Mayham,* for petitioner.

BISCHOFF, JR., J. In view of the evidence produced for the respondent, I cannot hold that the preponderance of proof is with the petitioner touching the violations charged. There is ample evidence to support the claim that the premises, when exposed to view, were sufficiently exposed, and I find no intrinsic probability which should call for my giving the greater credit to the witnesses for the petitioner upon the direct issue of fact as to the sales of liquor, or the failure to expose the premises during the hours stated in the statute.

Motion denied, with costs.